**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BALJIT SINGH, | : | **Hon. Stanley R. Chesler** |
| Petitioner, | : | |
| v. | : | Civil No. 10-3162 (SRC) |
| DHS/ICE, | : | **OPINION** |
| Respondents. | : | |

APPEARANCES:

BALJIT SINGH, A094222034/E3N
Hudson County Correction Center
35 Hackensack Avenue
Kearny, New Jersey 07032
Petitioner Pro Se

**CHESLER, District Judge**

On April 19, 2010, Baljit Singh filed his first petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention in the custody of the Department of Homeland Security ("DHS") on the grounds that it was not statutorily authorized and it violated due process guaranteed by the Fifth Amendment. See Singh v. DHS/ICE, Civil No. 10-2014 (DRD) (D.N.J. filed April 19, 2010). By Opinion and Order entered May 5, 2010, Judge Debevoise summarily dismissed the petition because nothing alleged in the petition "provide[d] good reason to believe that there is no significant likelihood of removal [to India] in the reasonably foreseeable future," as required by Zadvydas v. Davis, 533 U.S. 678, 701 (2001), to make the government "respond with evidence sufficient to rebut that showing." Singh at Docket Entry #3, p. 7. One month

later, on June 18, 2010, Petitioner filed the Petition presently before this Court. (Docket Entry #1.) Although Petitioner filed an Amended Petition on August 31, 2010 (docket entry #2), and an application for issuance of an order to show cause on September 2, 2010 (docket entry #3), Petitioner has provided no reason, other than the passage of time, to believe that there is no significant likelihood of his removal to India. Because Petitioner has asserted no facts establishing good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, 8 U.S.C. § 1231(a)(6) authorizes Petitioner's continued detention. This Court will summarily dismiss the Petition, as amended, without prejudice to the filing of a new petition in the event that Petitioner can assert facts providing "good reason to believe that there is no likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701.

## I. BACKGROUND

Petitioner is a citizen of India. He legally entered the United States on July 23, 1998, as a nonimmigrant visitor with authorization to remain in the United States for a period not to exceed one year, and he overstayed his visa without authorization. On September 21, 2009, New York officials arrested Petitioner for attempted robbery, a charge that was later dismissed. On September 29, 2009, officials took Petitioner into custody when they served Petitioner with a notice to appear charging him with removal pursuant to 8 U.S.C. § 1227(a)(1)(B), in that he remained in the United States for a time longer than permitted, as well as a notice ordering Petitioner's detention pending final determination of the immigration judge. On October 7, 2009, an immigration judge ordered Petitioner removed to India, pursuant to § 237(a)(1)(B), and Petitioner waived appeal to the Board of Immigration Appeals.

Petitioner asserts that he has remained in custody continuously since September 29, 2009, and he has cooperated fully with efforts to remove him to India. Petitioner states that his "removal to India or any other country is not significantly likely to occur in the reasonably foreseeable future." (Docket Entry #2, p. 7.) He asserts the following facts in support of this conclusion:

> 14. To date, however, ICE has been unable to remove Petitioner to India or any other country. Mr. Singh gave his birth certificate and copy of expired passport to ICE; and on October 6, 2009, ICE sent those documents and a travel document request to the Consulate of India in New York. The consulate has acknowledged receipt of the documents. Petitioner has cooperated fully with all efforts by ICE to remove him from the United States.
>
> 15. ICE first reviewed Petitioner's custody status on January 5, 2010. At that time, ICE ordered his continued detention and stated that his travel document would be issued in the reasonably foreseeable future.
>
> 16. Mr. Singh's custody was next reviewed by ICE Headquarters Post-Order Detention Unit ("HQPDU"). In a decision dated April 8, 2010, HQPDU informed Petitioner that he would continue to be detained and again stated that a travel document was "expected in the reasonable [sic] foreseeable future." See Decision to Continue Detention dated April 8, 2010.
>
> 17. Petitioner wrote to HQPDU in or around June 2010 requesting to be released on an order of supervision. In that letter, Mr. Singh stated that he was not a danger to the community because he has never been convicted of a crime, and that he was not a flight risk because he would reside with his uncle, Nishan Singh, who is a U.S. citizen, at 165-28 Highland Ave, Jamaica (Queens) N.Y.
>
> 18. Mr. Singh is not a danger to the community. He has never been convicted of a crime during the twelve years he has been living in the United States.
>
> 19. Mr. Singh is not a flight risk. Mr. Singh only overstayed his visa to keep working in order to support his family back in India,

> which he was customarily obligated to do as a youngest son. He has been sending money home for twelve years.
>
> 20. Mr. Singh further proved his intent to return to India by forgoing any attempt to defend himself against removal and waiving his right to appeal the removal order against him, and also by promptly providing his original birth certificate and copy of expired passport to his deportation officer.
>
> 21. Neither of custody review decisions alleged that Mr. Singh had failed to cooperate in obtaining a travel document, or that he is a flight risk or a danger to the community.

(Docket entry #2, pp. 5-6) (citations omitted).

Several documents are attached to Petitioner's submissions, including the notice to appear, decisions to continue detention dated January 5, 2010, and April 8, 2010, and a letter from Plaintiff to DHS Headquarters Post-Order Detention Unit. Petitioner states in the letter: "My home country will not accept my deportation because my country embassy is not get[t]ing clearance from India government to is[s]ue my travel document." (Docket Entry #2, pp. 20-21.) On September 9, 2010, Petitioner filed an application for an order requiring Respondents to show cause why Petitioner's amended petition for Writ of Habeas Corpus . . . should not be granted after more than 305 days of detention." (Docket Entry #3, p. 2.) Petitioner provides no additional facts in support of his application, but contends that 28 U.S.C. § 2243 requires Respondents to file a return within three days, showing cause, if any, why the Writ should not be granted.

Petitioner seeks an order declaring that his continued detention is not authorized by the Immigration and Nationality Act and violates the Fifth Amendment and ordering respondents to release him under supervision.

## II. DISCUSSION

A. Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989); James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001). This Court has subject matter jurisdiction over the Petition under § 2241 because Petitioner was detained within its jurisdiction in the custody of the DHS at the time he filed his Petition, see Spencer v. Kemna, 523 U.S. 1, 7 (1998), and he asserts that his detention is not statutorily authorized and violates his constitutional rights. See Bonhometre v. Gonzales, 414 F.3d 442, 445-46 (3d Cir.2005).

B. Standard of Review

Habeas Rule 4 requires a district court to examine a habeas petition prior to ordering an answer and to dismiss the petition if the petitioner is not entitled to relief. See 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b). Habeas Rule 4 provides in relevant part:

> The clerk must promptly forward the petition to a judge . . . and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). Dismissal without the filing of an answer or the State court record is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland v. Scott, 512 U.S. 849, 856 (1994); United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

C. Legality of Detention

The Immigration and Nationality Act ("INA") authorizes the Attorney General of the United States to issue a warrant for the arrest and detention of an alien pending a decision on whether the alien is to be removed from the United States. See 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . ."). See Demore v. Kim, 538 U.S. 510 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process").

Once an alien is ordered removed, the Attorney General is required to remove him or her from the United States within a 90-day "removal period." See 8 U.S.C. § 1231(a)(1)(A) ("Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period').") 8 U.S.C. § 1231(a)(1)(A). This 90-day removal period begins

>   on the latest of the following:
>
>   (i) The date the order of removal becomes administratively final.
>
>   (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
>   (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section § 1231(a)(2) requires the Attorney General to detain aliens during this 90-day removal period. See 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien").

However, if the DHS does not remove the alien during this 90-day removal period, then § 1231(a)(6) authorizes the Attorney General to thereafter release or continue to detain the alien. Specifically, § 1231(a)(6) provides:

>   An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." Zadvydas, 533 U.S. at 689. To guide habeas

courts, the Supreme Court recognized six months as a presumptively reasonable period of post-removal-period detention. Id. at 701.

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

Zadvydas, 533 U.S. at 701.[1]

In this case, Petitioner's 90-day removal period began on October 7, 2009, when the immigration judge ordered his removal to India, Petitioner waived administrative appeal, and his removal order thereby became administratively final. See 8 U.S.C. § 1231(a)(1)(B)(i) (removal period "begins on . . . [t]he date the order of removal becomes administratively final"); 8 C.F.R. § 1241.1(b) ("An order of removal made by the immigration judge . . . shall become final . . . [u]pon waiver of appeal by the respondent"). Section 1231(a)(2) required the Attorney General to detain Petitioner during the 90-day removal period, which ran from October 7, 2009, through January 7, 2010. The six-month presumptively reasonable period of detention under § 1231(a)(6), as interpreted by Zadvydas, began to run on October 7, 2009, and continued through April 7, 2010. Same as Petitioner's first § 2241 petition, in the present petition, Singh "has made

---

[1] In 2005, the Supreme Court ruled in Clark v. Martinez, 543 U.S. 371 (2005), that the post-removal-period detention of two inadmissible aliens from Cuba who had not effected "entry" was no longer statutorily authorized by § 1231(a)(6) because removal to Cuba was not reasonably foreseeable. See Clark v. Martinez, 543 U.S. at 384.

no showing whatever that there is 'no significant likelihood of removal in the reasonably foreseeable future.'" Encarnacion-Mendez v. Attorney General of U.S., 176 F. App'x 251, 254 (3d Cir. 2006). As the Third Circuit explained,

> Once the six-month period has passed, the burden is on the alien to 'provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future . . . .' Zadvydas v. Davis, 533 U.S. 678, 701 . . . (2001). Only then does the burden shift to the Government, which 'must respond with evidence sufficient to rebut that showing.' Id.

Barenboy v. Attorney General of U.S., 160 Fed. App'x 258, 261 n.2 (3d Cir. 2005).

Petitioner's detention continues to be authorized by 8 U.S.C. § 1231(a)(6) because he alleges no facts to substantiate the conclusion that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," as required by Zadvydas, 533 U.S. at 701, to make the government respond with evidence sufficient to rebut that showing. See, e.g., Joseph v. United States, 127 F. App'x 79, 81 (3d Cir. 2005) (affirming dismissal of § 2241 petition challenging detention pursuant to § 1231(a)(6): "Under Zadvydas, a petitioner must provide 'good reason' to believe there is no likelihood of removal, 533 U.S. at 701, and [appellant] has failed to make that showing here"); Soberanes v. Comfort, 388 F.3d 1305 (10th Cir. 2004) (affirming dismissal of § 2241 petition challenging detention pursuant to § 1231(a)(6) where petitioner failed to provide good reason to believe that there is no likelihood of removal); Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002) ("in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future"); Pierre v. Weber, 2010 WL 1492604 (D.N.J. April

14, 2010) (summarily dismissing § 2241 petition as premature under Zadvydas and § 1231(a)(6) where petitioner filed petition during presumptively reasonable six-month period after removal became final and failed to assert facts showing his removal is not reasonably foreseeable).

Because Petitioner has not made the required showing under Zadvydas, the government need not respond with evidence sufficient to rebut such showing, and Petitioner's detention is authorized by § 1231(a)(6). This Court will dismiss the Petition for failure to assert that Petitioner is detained contrary to the laws, the Constitution or treaties of the United States. However, the dismissal is without prejudice to the filing of a new § 2241 petition in the event that Petitioner can allege facts substantiating his contention that there is good reason to believe that there is no significant likelihood of Petitioner's removal in the reasonably foreseeable future.[2] See Akinwale, 287 F. 3d at 1052 ("Because circumstances may ultimately change in [petitioner's] situation, we affirm the dismissal [of his habeas petition] without prejudice to [his] ability to file a new § 2241 petition in the future").

---

[2] In addition, if Petitioner believes he is unlikely to be removed in the near future, he may request the DHS to review his situation. See 8 C.F.R. § 241.13(d)(1) ("An eligible alien may submit a written request for release to the HQPDU asserting the basis for the alien's belief that there is no significant likelihood that the alien will be removed in the reasonably foreseeable future. The alien may submit whatever documentation to the HQPDU he or she wishes in support of the assertion that there is no significant likelihood of removal in the reasonably foreseeable future").

## III. CONCLUSION

The Court will dismiss the Petition because Petitioner has not asserted facts providing good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.

/s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

DATED: February 10, 2011